# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JANE B. OLIVER                                                                                      PLAINTIFF

VS.                                                      CIVIL ACTION NO. 4:04CV123

ANGIE J. BEARD                                                            DEFENDANT

## ORDER

Plaintiff has filed a motion in limine [45-1] to exclude evidence of her prior conviction for Medicare fraud. In 1990, plaintiff pled guilty to having made false statements in connection with her receipt of Medicare benefits. While the court recognizes that a significant period of time has elapsed since this guilty plea, it nevertheless concludes that the facts pled to by plaintiff are of particular relevance in a personal injury case such as the present one. In the court's view, the jury should be able to consider the fact that, by her own admission, plaintiff sought to defraud the government in connection with claims for the payment of medical expenses. The court concludes that the probative value of the evidence substantially outweighs its prejudicial effect within the meaning of Fed. R. Evid. 609 and, accordingly, this evidence may be used for the purpose of attacking plaintiff's credibility as a witness.[1]

Defendant has filed its own motion in limine [47-1] to exclude the deposition testimony of Dr. Kenneth Bramlette. Defendant argues that Dr. Bramlette did not express a sufficient

---

[1] The court also notes that plaintiff has had a fair opportunity to contest the use of this evidence, as evidenced by the written notice of intent to use this evidence provided by defendant and also by the written motion in limine submitted by plaintiff.

1

degree of medical certainty with regard to his view that plaintiff's injuries resulted from the automobile accident in this case. Dr. Bramlette testified that it "seemed" to him and that he "suspected" that there was a causal relationship between plaintiff's injuries and the automobile accident in this case, but he never testified to any degree of certainty that there was in fact a causal connection. While this is arguably a close issue, the court concludes that the deciding factor in this regard is that plaintiff failed to designate Dr. Bramlette as an expert witness in this case. Plaintiff did designate Dr. Walter Shelton as an expert witness on the issue of causation, and defendant does not object to plaintiff's use of Dr. Shelton's deposition testimony at trial. The court concludes that, in light of 1) the equivocal nature of Dr. Bramlette's testimony, 2) plaintiff's failure to designate Dr. Bramlette as an expert, and 3) the availability Dr. Shelton's deposition testimony regarding causation, defendant's motion in limine to exclude Dr. Bramlette's expert testimony regarding the issue of causation is due to be granted.[2] The court reserves judgment, however, regarding the extent, if any, to which Dr. Bramlette's testimony might be admissible regarding other fact issues, such as the nature of the treatment which he administered to plaintiff.[3]

---

[2] Defendant also seeks to exclude the testimony of Dr. Howard Katz. Plaintiff appears to agree that Dr. Katz may not testify as to causation, and it is not clear to this court to what extent plaintiff will seek to use Dr. Katz's testimony. The court will address this issue at trial, if necessary.

[3] The court is inclined to rule that Dr. Bramlette could validly testify, as a fact witness, regarding the nature of the treatment which he provided to plaintiff.

2

In light of the foregoing, it is ordered that plaintiff's motion in limine [45-1] to exclude evidence of her prior conviction for Medicare fraud is denied and that defendant's motion in limine [47-1] to exclude the deposition of Dr. Bramlette is granted.

SO ORDERED, this 31st day of March, 2006.

                                              **/s/ Michael P. Mills**
                                              **UNITED STATES DISTRICT JUDGE**